JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,  Complainant,  v.  SUPERIOR COURT OF CALIFORNIA, et al.,  ~~Respondents.~~ | Case No. 2:22-cv-05343-JVS-JC  ORDER SUMMARILY DISMISSING "COMPLAINT OF JUDICIAL MISCONDUCT" AND ACTION |

**I.   SUMMARY**

On July 28, 2022, Justin Marcus Zinman ("Complainant") filed a "Complaint of Judicial Misconduct" ("Complaint") against the Ventura County Superior Court and Judges Wright, Ayers and Milan (collectively "the State Judges"). (Docket ("Dkt.") No. 1). The Complaint alleges the State Judges committed misconduct during the Complainant's criminal trial,[1] and requests that "this Court . . . hold these [State] Judges accountable for their behavior" by

---

[1] In 2021, a Ventura County Superior Court jury convicted the Complainant of making criminal threats in violation of California Penal Code ("P.C.") § 422 and stalking in violation of P.C. § 646.9(a) and "also found true allegations that [the Complainant] had a prior serious felony conviction that also qualified as a strike." People v. Zinman, 2022 WL 3094799, *1 (2022). The Complainant was sentenced to eleven years in state prison. Id.

1

disciplining Judge Wright and opening investigations into all three State Judges. (Complaint at 1-3; see also id. at 4-6 (a Ninth Circuit "Complaint of Judicial Misconduct or Disability" form identifying Zinman as the Complainant and Judges Wright, Ayers and Milan as the judges complained about)).

As explained below the Complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction.

## II. DISCUSSION

Federal courts, which "'are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute[,]'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), "are under an independent obligation to examine their own jurisdiction. . . ." United States v. Hays, 515 U.S. 737, 742 (1995) (citation omitted); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) (A federal court "is obligated to determine *sua sponte* whether it has subject matter jurisdiction."), cert. denied, 567 U.S. 919 (2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (citation omitted)). Such dismissal may be made without notice where, as here, "lack of jurisdiction 'appears on the face of the complaint and is obviously not curable.'" Ho v. Russi, 45 F.4th 1083, 1086 (9th Cir. 2022) (quoting Harmon v. Superior Court of State of Cal., 307 F.2d 796, 797 (9th Cir. 1962)); see also Scholastic Ent., Inc. v. Fox Ent. Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court

contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)).

Here, the Complainant seeks to initiate in this Court disciplinary proceedings against state court judges he believes have wronged him. However, this Court lacks jurisdiction over the Complaint because "[f]ederal judges have no disciplinary authority over state court judges." Roundtree v. Rockville Juvenile Court, 2022 WL 1063752, *2 (D. Conn. 2022); see also Conerly v. Winn, 2020 WL 6083668, *3 (E.D. Cal.) ("[T]he court notes that it does not have the power to remove a state court judge from a case or punish a state court judge for their judicial opinions."), report and recommendation adopted by, 2020 WL 6075708 (E.D. Cal. 2020), affirmed by, 851 F. App'x 815 (9th Cir.), cert. denied, 142 S. Ct. 585 (2021); Davison v. Sheriff, Gregg Cnty., 2019 WL 1522882, *2 (E.D. Tex. 2019) ("The Court lacks authority to take any sort of disciplinary action against the state district judge . . . for [his] alleged conduct in" the petitioner's state criminal case), report and recommendation adopted by, 2019 WL 1526563 (E.D. Tex. 2019); Smith v. Buth, 2017 WL 9480169, *2 (W.D. Mich.) ("This Court does not discipline state court judges for alleged judicial misconduct. 'Federal courts do not supervise or monitor the state courts or state court judges.'" (citation omitted)), report and recommendation adopted in relevant part, 2017 WL 359465 (W.D. Mich. 2017); Tyler v. Thomas, 2012 WL 3023181, *2 (D. S.C.) ("[T]his Court . . . does not have jurisdiction to discipline" a state court judge), report and recommendation accepted by, 2012 WL 3059727 (D. S.C. 2012); LaScalia v. Driscoll, 2012 WL 1041456, *8 (E.D. N.Y. 2012) ("This Court . . . lacks the power to 'impeach' or otherwise discipline state-court judges."); Elkins v. Wills, 2011 WL 4102333, *2 (W.D. Va. 2011) ("[T]he court lacks the necessary jurisdiction to 'punish' a state court judge."); Price v. Porter, 2009 WL 1210509, *3 (W.D. La. 2009) (A "federal court lacks jurisdiction to issue an order . . . requiring the state court to remove and discipline" a state court judge), affirmed by, 351 F. App'x 925

1 (5th Cir. 2009); Rainwater v. 36th Jud. Dist. Court, 2006 WL 1044223, *1 (W.D. La. 2006) (rejecting "Motion to Investigate 36th Judicial District Court" because "[t]his court has no jurisdiction over state courts or the judges who preside therein" and "[t]he fact that petitioner has been unsuccessful in his attempts to resolve his claims through the Louisiana Judiciary Commission and/or the Louisiana Attorney Disciplinary Board does not expand the jurisdiction of this court and enable it to initiate an investigation of a state court judge.").

Because this Court lacks subject matter jurisdiction over this action, it must be dismissed without prejudice. Fed. R. Civ. P. 12(h)(3); Steel Co., 523 U.S. at 94; see also Rainero v. Archon Corp., 844 F.3d 832, 841 (9th Cir. 2016) ("If a court lacks subject matter jurisdiction, it is obligated to dismiss the case, regardless of how long the litigation has been ongoing.").

### III. ORDER

IT IS THEREFORE ORDERED that the Complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction.

DATED: September 27, 2022

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE